IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION – IN ADMIRALTY
Case No. 7:20-cv-00070-M

| | |
|---|---|
| In the Matter of: | ) |
| CAPT. BRANT'S FISHING | ) |
| ADVENTURES, INC., Owner of a 2008 | ) |
| 33' +/- World Cat 330TE, HIN # | ) |
| EPYEA005G708, USCG Official # | ) **ORDER** |
| 1205525, her engines, tackle, apparel, | ) |
| appurtenances, etc. | ) |
| | ) |
| For Exoneration from | ) |
| or Limitation of Liability | ) |

This matter comes before the court on Limitation Plaintiff Capt. Brant's Fishing Adventures, Inc.'s ("LP") motion seeking default judgment against all non-appearing parties, i.e., against all parties except Claimants Angela Carter and Christopher Dew. [DE-35]

On April 14, 2020, LP filed a complaint pursuant to 46 U.S.C. §§ 30501 *et seq.* and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule F") seeking exoneration from and/or limitation of liability for any harms of whatever description arising out of a September 14, 2019 incident which occurred during a voyage of a maritime vessel owned by LP upon the Atlantic Ocean (the "Voyage"). [DE-1] On May 11, 2020, the court entered an order, *inter alia*, requiring all persons who wished to assert claims against LP for any harms allegedly resulting from the Voyage to file their respective claims and answer the complaint on or before August 17, 2020. [DE-11; DE-13]

Only Carter and Dew thereafter filed claims against LP in this court in connection with the Voyage, and LP moved the court for entry of default against all other parties on September 14, 2020, providing the supporting documentation contemplated by Local Admiralty Rule C.4. [DE-25] The Clerk of Court entered

1

the default on October 22, 2020. [DE-34] On October 30, 2020, LP moved the court seeking a judgment upon the entry of default. [DE-35]

No party has moved the court for relief from the entry of default since the date it was entered, and the court concludes that LP's motion should be GRANTED. Pursuant to Rule F, Local Admiralty Rule C.4, and Federal Rule of Civil Procedure 55(b), it is accordingly ORDERED that default judgment be entered against all non-appearing parties; that all non-appearing parties are barred, enjoined, and restrained from filing, commencing, or prosecuting any claim, answer, suit, action, or other proceeding of any nature whatsoever in connection the Voyage; that LP is exonerated from liability arising from the Voyage as to all non-appearing parties; and that the only claimants in this action shall be Carter and Dew. Should any non-appearing party wish hereafter to pursue a claim against LP in connection with the Voyage, the party must move the court to set aside the default judgment under Federal Rule of Civil Procedure 55(c).

SO ORDERED this the 11th day of January, 2021.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE